```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MONTGOMERY BANK, N.A.

       Plaintiff,

v.                                           Case No: 2:13-cv-802-FtM-29UAM

ALICO ROAD BUSINESS PARK, LP, FRANZ J. ROSINUS, GOLD COAST FIRE PROTECTION, LLC, FERGUSON ENTERPRISES, INC., WORLD ELECTRIC SUPPLY, INC., GCM CONTRACTING SOLUTIONS, INC., TRANE U.S., INC., CFS FACILITY SERVICES, LLC, ALICO ROAD BUSINESS PARK CONDOMINIUM ASSOCIATION, INC., LEE ROAD EXTENSION ASSOCIATION, INC., FORMOSA 129 INDUSTRIAL PARK COMMUNITY ASSOCIATION, INC., VR LABS, INC., and FLORIDA DEPARTMENT OF REVENUE,

       Defendants.

_____

## **ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on November 15, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity between the parties. (Id., ¶¶ 2-15.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a);

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Court is satisfied that the amount in controversy is adequately pled.

Plaintiff alleges that it is a national association transacting business in Lee County, Florida, with a headquarters and main office in Sikeston, Missouri. (Doc. #1, ¶ 2.) For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). As the location of the main office is identified, plaintiff's citizenship is adequately pled.

Plaintiff alleges that Alico Road Business Park, LP is a Florida limited partnership doing business in Lee County, Florida. (Doc. #1, ¶ 3.) Plaintiff does not identify the citizenship of the general and/or limited members of the partnership, and a limited partnership itself is not a citizen for jurisdictional purposes. Carden v. Arkoma Assocs., 494 U.S. 185, 189, 195 (1990). Therefore, the Court cannot determine the citizenship of Alico Road Business Park, LP, or that diversity of jurisdiction is present.

Plaintiff identifies defendants Franz J. Rosinus as a resident of Collier County, Florida. (Doc. #1, ¶ 4.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v.

2

Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the individually named defendant.

Plaintiff alleges that Gold Coast Fire Protection, LLC is a Florida limited liability company doing business in Lee County, Florida, and defendant CFS Facility Services, LLC a/k/a CFS Roofing Services, LLC is a Florida limited liability corporation doing business in Lee County, Florida. (Doc. #1, ¶¶ 5, 10.) Plaintiff does not identify the members or the citizenship of the individual members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004).

Plaintiff alleges that Ferguson Enterprises, Inc. is a Virginia corporation doing business in Lee County, Florida; defendant World Electric Supply, Inc. is a Delaware corporation

3

doing business in Lee County, Florida; defendant GCM Contracting Solutions, Inc. is a Florida corporation doing business in Lee County, Florida; defendant Trane U.S., Inc. is a Delaware corporation doing business in Lee County, Florida; defendant Lee Road Extension Association, Inc. is a Florida not for profit corporation; defendant Formosa 129 Industrial Park Community Association, Inc. is a Florida not for profit corporation; and defendant VR Labs, Inc. is a Delaware for profit corporation doing business in Lee County. (Doc. #1, ¶¶ 6-9, 11-14.) A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). The citizenship of the defendant corporations is not adequately pled for diversity purposes.

Plaintiff also names the Florida Department of Revenue, an agency of the State of Florida as a defendant. (Doc. #1, ¶ 15.) A State is not a "citizen" for purposes of diversity jurisdiction, although a political subdivision of the State is a citizen of the State for diversity purposes. Moor v. Alameda County, 411 U.S. 693, 717 (1973). A state agency may be sued by a citizen of another state if the agency "is invested with the power to sue and be sued, and possesses other generally recognized corporate powers." Id. at 717-718; Dep't of Health & Rehabilitative Servs., State of Fla. v. Davis, 616 F.2d 828, 833 (5th Cir. 1980)(citations

omitted). In this case, the Department of Revenue appears to be empowered to sue and be sued in its own capacity, see Fla. Stat. § 20.21,[2] although there are no allegations asserting that the Florida Department of Revenue has waived its Eleventh Amendment immunity from suit in federal court, see, e.g., Camm v. Scott, 834 F. Supp. 2d 1342, 1348-49 (M.D. Fla. 2011).

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of December, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

---

[2] The Court will not address the issue of venue at this stage of the proceedings. See, e.g., Swinscoe v. Fla. Dep't of Revenue, 320 So. 2d 11, 12 (Fla. 4th DCA 1975).