UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

    Plaintiff,

v.                                         Case No:   2:13-cv-802-FtM-29CM

ALICO ROAD BUSINESS PARK,
LP, FRANZ J. ROSINUS, GOLD
COAST FIRE PROTECTION, LLC,
FERGUSON ENTERPRISES,
INC., WORLD ELECTRIC
SUPPLY, INC., GCM
CONTRACTING SOLUTIONS,
INC., TRANE U.S., INC., CFS
FACILITY SERVICES, LLC,
ALICO ROAD BUSINESS PARK
CONDOMINIUM ASSOCIATION,
INC., LEE ROAD EXTENSION
ASSOCIATION, INC., FORMOSA
129 INDUSTRIAL PARK
COMMUNITY ASSOCIATION,
INC. and VR LABS, INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff Montgomery Bank's Motion for Default by the Clerk Against Defendants GCM Contracting Solutions, Inc., and CFS Facility Services, LLC (Doc. #41) filed on January 6, 2014, and Agreed Motion to Amend Complaint to Add Gold Coast Fire and Security, Inc. as Defendant (Doc. #48), filed on February 4, 2014.  Plaintiff Montgomery Bank, N.A. moves pursuant to Rule 55(a), Federal Rules of Civil Procedure, for an entry of a Clerk's default against Defendants GCM Contracting Solutions, Inc. ("GCM") and

CFS Facility Services, LLC ("CFS") for failure to respond to the First Amended Complaint (Doc. #9). Plaintiff also seeks leave to amend its Complaint to add an additional defendant. Doc. #48.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effectuated service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D.Fla. June 24, 2009).

The Florida Rules of Civil Procedure provide that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on its officers or business agents residing in the state. Fla. Stat. § 48.081(1)(ad). Alternatively, process may be served on the agent designated by the corporation as its registered agent. *Id.* § 48.081(3)(a). "However, if service cannot be made on a registered agent because of failure of the corporation to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." *Id.* Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or

more registered agents on whom process may be served at the office during these hours." Flat. Stat. 48.091(1)-(2).

In this case, Plaintiff filed a Complaint for commercial foreclosure and other relief against several defendants, including Defendant GGM and Defendant CFS, on November 15, 2013. Doc. #1. The Complaint was dismissed by the Court on December 2, 2013 for lack of subject matter jurisdiction without prejudice to Plaintiff filing an Amended Complaint within seven days of the Court's Order. Doc. #5. Accordingly, on December 6, 2013, within the time allotted by the Court, Plaintiff filed its First Amended Complaint (Doc. #9). Plaintiff's proof of service as to Defendant GCM reflects that it served the Complaint upon Kristen Brown, Vice President, on November 21, 2013. Doc. #34.

Plaintiff attempted service on Defendant CFS' Registered Agent, Frank J. Aloia, Jr. Plaintiff's proof of service as to Defendant CFS states it served Bonnie Willin, paralegal to Frank J. Aloia, Jr. as Registered Agent, with the Complaint at the Registered Agent's Office located at 2250 First Street, Fort Myers, Lee County, FL 33901 on November 19, 2013 at 10:35 a.m. Doc. #29 at 1. The First Amended Complaint was served by U.S. Mail on December 6, 2013. Doc. #41-1 at 1-2. Therefore, service as to both Defendants was proper. To date, neither Defendant GCM nor Defendant CFS has filed a responsive pleading. Therefore, entry of Clerk's default would ordinarily be appropriate.

However, subsequent to Plaintiff Montgomery Bank filing its Motion for Default by the Clerk Against Defendants GCM Contracting Solutions, Inc., and CFS

Facility Services, LLC (Doc. #41), Plaintiff filed an Agreed Motion to Amend Complaint to Add Gold Coast Fire and Security, Inc. as Defendant (Doc. #48). The filing of an amended complaint supersedes the original complaint. *See generally Dresdner Bank AG v. M/V Olympia Voyar*, 463 F.3d 1210 (11th Cir. 2006).

The filing of an amended complaint similarly cures a party's default as to the superseded original complaint. *See, e.g., Harvey v. Home Savers Consulting Corp.*, Case No. 07-CV-2645 (JG), 2008 WL 724152, *2 (E.D.N.Y. Mar. 17, 2008) ("If plaintiffs file an amended complaint, the defaulting defendants must be included in any new complaint if plaintiffs wish to pursue their claims against the defaulting defendants, and plaintiffs must seek new default judgments against them if they again fail to appear."); *Lemon Tree Development, LLC v. Philopatyr Corporation*, Case No. 10-CV-5228 (ARR), 2011 WL 6396624, *2 (E.D.N.Y. Dec. 20, 2011) ("In short, the caselaw teaches that, having amended the complaint and added new parties, plaintiff should not now be permitted to pursue a default judgment on the original pleading. Rather, plaintiff should promptly serve the Amended Complaint on each defendant and, if that defendant fails to appear, plaintiff may then move for a default judgment against that defendant on the Amended Complaint."); *Rowley v. City of N. Myrtle Beach*, Case Nos. 4:06-1873-TLW-TER, 4:07-1636-TLW-TER, 2009 WL 750406, *3 (D.S.C. Mar. 16, 2009) ("[A]lthough the individual defendants were technically in default when they failed to file an Answer to the original Complaint, their default was essentially cured by the filing of an Amended Complaint and their timely answer to the Amended Complaint."); *Vanguard Fin. Serv. Corp. v. Johnson*,

736 F.Supp. 832, 835 (N.D.Ill. 1990) (striking motion for default judgment as moot upon filing of amended complaint); *Best Western Int'l, Inc. v. Melbourne Hotel Investors, LLC*, Case No. CV 06-2276-PHX-MHM, 2007 WL 2990132, *1 (D.Ariz. Oct. 11, 2007) ("The significance of the filing of the Amended Complaint for purposes of Plaintiff's original motion for default judgment is that it mooted the request."); *Saint-Gobain Autover USA, Inc. v. Fuyao Glass Indus. Group Co., Ltd.*, Case No. 05-71079, 2005 WL 3454402, *1-2 (E.D.Mich. Dec. 16, 2005) (setting aside default in part because it was entered on the original complaint that was nullified by the filing of an amended complaint).  *See also LeBrew v. Reich*, Case No. 03-CV-1832 (JG)(KAM), 2006 WL 1662595, *4 (E.D.N.Y. May 12, 2006) ("Pursuant to Rule 15(a), a defendant's time to answer is renewed upon the filing of each successive amended complaint.").

As the Court is inclined to grant the Agreed Motion to Amend Complaint, its grant of a Clerk's default against Defendants GCM Contracting Solutions, Inc. and CFS Facility Services, LLC would thereby be rendered moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The parties' Agreed Motion to Amend Complaint to Add Gold Coast Fire and Security, Inc. as Defendant (Doc. #48) is **GRANTED**.

2.   Plaintiff's Motion for Default by the Clerk Against Defendants GCM Contracting Solutions, Inc., and CFS Facility Services, LLC (Doc. #41) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record