UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

    Plaintiff,

v.                                              Case No: 2:13-cv-802-FtM-29CM

ALICO ROAD BUSINESS PARK,
LP, FRANZ J. ROSINUS, GOLD
COAST FIRE PROTECTION, LLC,
FERGUSON ENTERPRISES,
INC., WORLD ELECTRIC
SUPPLY, INC., GCM
CONTRACTING SOLUTIONS,
INC., TRANE U.S., INC., CFS
FACILITY SERVICES, LLC,
ALICO ROAD BUSINESS PARK
CONDOMINIUM ASSOCIATION,
INC., LEE ROAD EXTENSION
ASSOCIATION, INC., FORMOSA
129 INDUSTRIAL PARK
COMMUNITY ASSOCIATION,
INC., VR LABS, INC. and GOLD
COAST FIRE AND SECURITY,
INC.,

    Defendants.

## ORDER

    Before the Court are Plaintiff Montgomery Bank, N.A.'s Motion for Judicial Default Against Defendant Trane U.S., Inc. (Doc. 69), filed on April 16, 2014, Motion for Judicial Default Against Defendant Ferguson Enterprises, Inc. (Doc. 71), filed on April 17, 2014, and Motion for Default by the Clerk Against Defendants GCM Contracting Solutions, Inc. and CFS Facility Services, LLC (Doc. 78), filed on April

30, 2014 (collectively, "Motions").[1] Plaintiff seeks to default each Defendant, pursuant to Rule 55(a), Federal Rules of Civil Procedure, because each Defendant has failed to plead or otherwise defend against Plaintiff's Second Amended Complaint (Doc. 53). For the foregoing reasons, the Motions are due to be granted and Clerk's default entered against each Defendant.

I. Background

Plaintiff Montgomery Bank, N.A. filed its Complaint for Commercial Foreclosure and Other Relief against thirteen defendants (Doc. 1) on November 15, 2013, seeking partial foreclosure of a lien on real property located in Lee County, Florida. Doc. 1 at 2. Count I alleges a claim for Partial Mortgage Foreclosure against all Defendants (Doc. 1 at 10), and Count II alleges a claim for Breach of Note against Defendant Alico Road Business Park, LP ("Alico") only (Doc. 1 at 12). The claims arise out of Alico's entry into a Construction Loan Agreement with Plaintiff on or about August 15, 2006 in the original principal amount of $7,000,000.00, which was secured by a mortgage executed by Alico. *Id.* at 4. The Complaint alleges that Alico defaulted by allowing liens or claims of liens for work performance and/or supply materials to be filed against portions of the property in direct violation of the mortgage and Construction Loan Agreement. *Id.* at 6-7. Plaintiff therefore elected to foreclose on certain parcels, specifically:

> Units 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411 and 412, Building 4, Alico Road Business Park, an Industrial Condominium, according to the Declaration of

---

[1] Docs. 71 and 72 are motions for "judicial default," which the Court will construe as motions for Clerk's default under Federal Rule of Civil Procedure 55(a).

> Condominium recorded at Instrument No. 2008000153105 of the Public Records of Lee County, Florida ("Foreclosure Parcel").

*Id.* at 7.

Plaintiff named as "Additional Named Defendants" various individuals and businesses who "may claim some interest in the Property and/or the Foreclosure Parcel" pursuant to Claims of Liens or other interest. *Id.* at 8-10. All Defendants at issue in the instant Motions were listed as "Additional Named Defendants." *See id.* at 8 ¶ 45 (Defendant Ferguson Enterprises, Inc.); 9 ¶ 47 (Defendant GCM Contracting Solutions, Inc.); 9 ¶ 48 (Defendant Trane U.S., Inc.); and 9 ¶ 49 (Defendant CFS Facility Services, LLC). Plaintiff filed its First Amended Complaint for Commercial Foreclosure and Other Relief (Doc. 9) on December 6, 2013 and its Second Amended Complaint for Commercial Foreclosure and Other Relief (Doc. 53) on March 5, 2014. In support of the Motions, Plaintiff states that all Defendants have been served and have failed to respond to the Second Amended Complaint. Doc. 69 at 2; Doc. 71 at 2; Doc. 78 at 1.

## II.  Analysis

Rule 12, Federal Rules of Civil Procedure, provides that an answer must be filed within twenty-one days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effectuated service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

The Florida Rules of Civil Procedure require that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president or other head of the corporation and, in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent. *Id.* § 48.081(3)(a). Rule 4, Federal Rules of Civil Procedure, similarly states that service on a corporation is proper if made upon its registered agent. Fed. R. Civ. P. 4(h)(1), (e)(1). Process against a limited liability company may be served upon, *inter alia*, the company's registered agent or an employee of the registered agent. Fla. Stat. § 48.062(1).

### a. Defendant Trane U.S., Inc.

An Affidavit of Service filed on January 6, 2014 reflects that Defendant Trane U.S., Inc. ("Trane") was served with a Summons and Complaint on November 20,

2013, with service effected upon Donna Moch of CT Corporation System as registered agent, at 1200 S. Pine Island Road, Plantation, Broward County, FL 33324.  Doc. 37 at 1.  Service of the Summons and Complaint was therefore proper under Florida law.  Fla. Stat. § 48.081(3)(a).  Moreover, affidavits by process servers constitute a *prima facie* showing that defendants have been served.  See *Burger King Corp. v. Eupierre*, No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).

Plaintiff's First Amended Complaint was filed on December 6, 2013 using the Court's e-filing system and the certificate of service reflects that "a true and correct copy of the First Amended Complaint was served" upon the registered agent for Trane by U.S. mail.  *See* Doc. 9 at 13-14.  On January 3, 2014, counsel for Trane filed a Notice of Appearance and Designation of Email Addresses (Doc. 25).  The Certificate of Service attached to Plaintiff's Second Amended Complaint (Doc. 53) reflects that counsel for Trane, Elizabeth M. Ryan, Esq., of Kass Schuler, P.A., received electronic service at the email addresses provided in counsel's Notice of Appearance and Designation of Email Addresses.  *See* Doc. 53 at 15.  Service of process was therefore properly effectuated as to Trane, who has not filed a responsive pleading to any of Plaintiff's Complaints, and the time for responding to Plaintiff's Second Amended Complaint has now expired.  Trane has therefore failed to plead or otherwise defend and is subject to default.

    *b.  Defendant Ferguson Enterprises, Inc.*

An Affidavit of Service filed on January 6, 2014 reflects that Defendant Ferguson Enterprises, Inc. ("Ferguson") was served with a Summons and Complaint

on November 20, 2013, with service effected upon Sara Lea of Corporation Service Company as registered agent, at 1201 Hays Street, Tallahassee, FL 32301. Doc. 30 at 1. The Certificate of Service accompanying Plaintiff's First Amended Complaint reflects that "a true and correct copy of the First Amended Complaint was served" upon the Registered Agent for Defendant Ferguson by U.S. mail. *See* Doc. 9 at 13. Ferguson responded to Plaintiff's Complaint by filing Defendant, Ferguson Enterprises, Inc.'s, Answer and Affirmative Defenses (Doc. 13) on December 10, 2013.

In its Answer, Ferguson admitted that it "claims an interest or lien upon the subject property" but denied whether its "interest or lien is inferior to that claimed by Plaintiff." Doc. 13 at 3 ¶ 45. The next day, December 11, 2013, Ferguson responded to Plaintiff's First Amended Complaint by filing Defendant, Ferguson Enterprises, Inc.'s, Answer and Affirmative Defenses to First Amended Complaint Foreclosure and Other Relief (Doc. 14). Ferguson again admitted that it "claims an interest or lien in or upon the subject property" but denied whether its "interest or lien is inferior to that claimed by Plaintiff." Doc. 14 at 3 ¶ 44.

Subsequent to Ferguson's Answers, Plaintiff filed an Agreed Motion for Leave to Amend Complaint to Add Gold Coast Fire and Security, Inc. as a Defendant ("Agreed Motion") (Doc. 48). After the Court entered an Order (Doc. 50) granting the Agreed Motion, but prior to the filing of Plaintiff's Second Amended Complaint (Doc. 53), Defendant Ferguson filed a Notice of Disclaimer of Interest (Doc. 51) in which it stated that it "disclaim[ed] any and all interests and/or liens which it may have relative to the property" and "waive[d] its right to participate in any further

proceedings in this action."[2]  Doc. 51 at 1.  In accordance with its Notice of Disclaimer of Interest, Ferguson has not filed a responsive pleading to Plaintiff's Second Amended Complaint, and the time for doing so has now expired.

Courts in other circuits have determined that actions which affirmatively demonstrate to the court a party's intention to cease defending itself subject that party to default.  *See, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (affirming district court's entry of Rule 55(a) default despite parties' participation in litigation for several years where the parties "affirmatively signaled to the district court [their] intention to cease participating in [their] own defense").  The Eleventh Circuit has not spoken directly[3] on this issue, but other courts within the Eleventh Circuit have stated that a failure to answer an amended

---

[2] Rather than seek default upon Ferguson's failure to answer, it is unclear why the parties did not stipulate to Ferguson's dismissal upon its filing the Notice of Disclaimer of Interest.  *See, e.g.*, *United States v. Korman*, No. 07-80998-Civ, 2008 WL 5662165, at *1 (S.D. Fla. Nov. 5, 2008) (noting as background that "the Court dismissed . . . a party Defendant, based on its stipulation with the Government disclaiming any interest in the residence at issue"); *United States v. Singleton et al.*, No. 8:10-cv-2415-MSS-TBM, Doc. 34 (M.D. Fla. Feb. 17, 2011) (stipulation of dismissal of a defendant after it released its lien and disclaimed any right, title or interest in the subject property arising from the lien); *Citizens Bank v. Cinema Park L.L.C.*, No. 1:08 CV 2174, 2010 WL 420019, at *1 (N.D. Ohio Jan. 29, 2010) ("Various named defendants have been dismissed upon disclaiming any interest in the subject property. . . .").

[3] In a decision binding on this Court, the Fifth Circuit held that entry of default was not proper where a party's attorney filed a denial of the plaintiff's claim, but then failed to appear at trial.  *See Bass v. Hoagland*, 172 F.2d 205, 210 (1949), *cert. denied*, 388 U.S. 816; *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981).  The *Bass* decision focused on the lack of notice to the party prior to the default and thus would not seem to apply to a situation where, as here, a party affirmatively disclaimed any interest or right to participate in future proceedings and then failed to respond to an amended complaint.  *Bass*, 172 F.2d at 210.  This interpretation of *Bass* is consistent with that of the Northern District of Alabama, as set forth in its *Liberty Mutual* decision, *infra*.

complaint, even when a party responded to a prior complaint, would subject that party to default. *See Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. CV-09-S-773-NW, 2013 WL 3357167 (N.D. Ala. July 1, 2013) (entry of Clerk's default was proper, even under narrow Eleventh Circuit interpretation of Rule 55(a), where party responded to prior complaints but then affirmatively indicated its intent to no longer defend itself and failed to respond to third amended complaint); *see also Diamond State Ins. Co. v. Re*, 860 F.Supp.2d 1381, 1383 n.2 (S.D. Ga. 2012) (defendant's failure to answer amended complaint, despite answering original complaint, would subject defendant to default). Thus, even though Ferguson answered Plaintiff's prior complaints, Ferguson has failed to plead or otherwise defend against Plaintiff's Second Amended Complaint and is subject to default.

### c. Defendants GCM Contracting Solutions, Inc. and CFS Facility Services, LLC

A Return of Service filed on January 6, 2014 reflects that Defendant GCM Contracting Solutions, Inc. ("GCM") was served with a Summons and Complaint on November 21, 2013, with service effected upon Kristen Brown as Vice President, at 16121 Lee Road, Suite 101, Fort Myers, Lee County, FL 33912. Doc. 34 at 1. The Certificate of Service attached to Plaintiff's First Amended Complaint reflects that GCM was served by U.S. mail at GCM Contracting Solutions, Inc., c/o Robert W. Brown as Reg. Agent, 16121 Lee Rd., Suite 101, Fort Myers, FL 33912. *See* Doc. 9 at 14. The Certificate of Service attached to Plaintiff's Second Amended Complaint reflects that GCM was served by U.S. mail at the same address of its Registered

Agent, Robert W. Brown. *See* Doc. 53 at 14. Defendant GCM has neither appeared in this case nor filed responsive pleadings to any of Plaintiff's complaints.

A Return of Service was similarly filed on January 6, 2014 reflecting that Defendant CFS Facility Services, LLC ("CFS") was served with a Summons and Complaint on November 19, 2013, with service effected upon Bonnie Willin, Paralegal to Frank J. Aloia, Jr., as Registered Agent, at 2250 First Street, Fort Myers, Lee County, FL 33901. Doc. 29 at 1. The Certificate of Service attached to Plaintiff's First Amended Complaint reflects that CFS was served by U.S. mail at CFS Facility Services, LLC, a/k/a CFS Roofing Services, LLC, c/o Frank J. Aloia, Jr., Esq., 2250 First Street, Fort Myers, FL 33901. *See* Doc. 9 at 13. The Certificate of Service attached to Plaintiff's Second Amended Complaint reflects that CFS was served by regular U.S. mail at the same address of its Registered Agent, Frank J. Aloia, Jr., Esq. *See* Doc. 53 at 14. Defendant CFS has neither appeared in this case nor filed pleadings responsive to any of Plaintiff's complaints.

Both Defendants GCM and CFS were therefore properly served pursuant to sections 48.081(3)(a) and 48.062, Florida Statutes, and the Affidavits by process servers constitute additional *prima facie* evidence that Defendants GCM and CFS were served. *See Burger King Corp.*, 2012 WL 2192438, at *2. To date, neither GCM nor CFS has appeared or otherwise participated in this action. Both were the subject of Plaintiff's prior Motion for Default by the Clerk Against Defendants GCM Contracting Solutions, Inc. and CFS Facility Services, LLC (Doc. 41), which was denied as moot in light of the Court granting Plaintiff leave to file an amended

complaint to add additional defendants in interest. *See* Doc. 50. Since neither GCM nor CFS has appeared or filed any response and the time for doing so has now expired, Defendants GCM and CFS are subject to default.

### III.   Conclusion

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, none of the Defendants at issue in Plaintiff's Motions have answered or otherwise defended against Plaintiff's Second Amended Complaint and the time for doing so has now expired. As each Defendant was properly served and each has failed to answer or otherwise defend, the entry of Clerk's Default is appropriate against Defendants Trane U.S., Inc, Ferguson Enterprises, Inc., GCM Contracting Solutions, Inc. and CFS Facility Services, LLC.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Motion for Judicial Default Against Defendant Trane U.S., Inc. (Doc. 69) is **GRANTED**.

2.   Plaintiff's Motion for Judicial Default Against Defendant Ferguson Enterprises, Inc. (Doc. 71) is **GRANTED**.

3.   Plaintiff's Motion for Default by the Clerk Against Defendants GCM Contracting Solutions, Inc. and CFS Facility Services, LLC (Doc. 78) is **GRANTED**.

4.   The Clerk is directed to enter Clerk's default against Defendants Trane U.S., Inc., Ferguson Enterprises, Inc., GCM Contracting Solutions, Inc. and CFS Facility Services, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record