## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

       Plaintiff,

v.                                   Case No:  2:13-cv-802-FtM-29CM

ALICO ROAD BUSINESS PARK,
LP, FRANZ J. ROSINUS, GOLD
COAST FIRE PROTECTION, LLC,
FERGUSON ENTERPRISES,
INC., WORLD ELECTRIC
SUPPLY, INC., GCM
CONTRACTING SOLUTIONS,
INC., TRANE U.S., INC., CFS
FACILITY SERVICES, LLC,
ALICO ROAD BUSINESS PARK
CONDOMINIUM ASSOCIATION,
INC., LEE ROAD EXTENSION
ASSOCIATION, INC., FORMOSA
129 INDUSTRIAL PARK
COMMUNITY ASSOCIATION,
INC., VR LABS, INC. and GOLD
COAST FIRE AND SECURITY,
INC.,

       Defendants.

---

### ORDER

Before the Court are Defendant VR Labs, Inc.'s Second Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. 100), filed on July 2, 2014; Defendant VR Labs, Inc.'s Motion to Extend Discovery Deadline (Doc. 103), filed on July 3, 2014; Defendant VR Labs, Inc.'s Motion to Extend Mediation Deadline and to Compel Mediation (Doc. 104), filed on July 7, 2014; and Plaintiff's Motion for Leave to File Reply to Defendant VR Labs, Inc.'s Response in Opposition

to Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 108), filed on July 22, 2014.

At the outset, the Court notes that the basis for Defendant VR Labs, Inc.'s ("VR") motions for extension is the recent appearance of VR's current counsel. The undersigned granted counsel for VR's motion to withdraw on May 20, 2014 and provided VR thirty days, up to and including June 19, 2014, during which to secure new counsel. *See* Doc. 81 at 2. Later that same day, the district court entered its Case Management and Scheduling Order (Doc. 82), which established the June 4, 2013 mediation deadline and the July 30, 2014 discovery deadline. Doc. 82 at 2. On June 4, 2014, within the time frame established by the undersigned for doing so, VR's current counsel filed a Notice of Appearance (Doc. 96).

I.     *VR's Second Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment*

VR's motion seeks to further extend the time for it to respond to Plaintiff's motion for summary judgment up to and including July 10, 2014. Doc. 100 at 3. Plaintiff opposes the motion, despite agreeing to VR's first request that proffered the same reasons for seeking extension, because "[n]eeding additional time to finalize the response, after having already been allowed 16 days longer than any other party to this action to respond, is not good cause." Doc. 102 at 2. Plaintiff contends this is particularly true in light of the nature of this case as a foreclosure action and VR's "status as a non-paying tenant whose tenancy arose long after the Plaintiff's mortgage (5 years after, almost to the day), without the benefit of a subordination and nondisturbance agreement." *Id.* While the Second Motion for Extension was

pending, VR filed its Response in Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law on July 11, 2014[1] (Doc. 106).

Plaintiff's Motion for Summary Judgment was filed on June 2, 2014 (Doc. 93) and the Court's Summary Judgment Notice requiring responses by June 17, 2014 was entered on June 3, 2014 (Doc. 95) while VR was without counsel.  As previously noted, the undersigned granted VR up to and including June 19, 2014 to secure new counsel and VR's current counsel filed a Notice of Appearance on June 4, 2013. Thus, without an extension of the time for filing a response, counsel for VR would have had only twelve days from the date he filed a Notice of Appearance to become familiar with the case and respond to Plaintiff's Motion for Summary Judgment.   So, while it is true that VR was given more time than the other defendants, VR's counsel did not have the benefit of involvement in this case since December 2013, when many of the other defendants began litigating this action.   Accordingly, the Court finds good cause to grant VR's requested extension and will accept VR's Response in Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 106) as filed.

## II.    VR's Motion to Extend Discovery Deadline

The Case Management and Scheduling Order establishes a July 30, 2014 discovery deadline.   Doc. 82 at 2.   VR seeks an additional thirty days, up to and

---

[1] VR's motion for extension seeks up to and including July 10, 2014 to file its response. Doc. 100 at 3.   Thus, it is unclear why VR failed to file its response within the time period sought by the motion.   Although noteworthy, the late filing is not germane to the Court's resolution of the motion.

including August 29, 2014, during which to complete discovery.   Doc. 103 at 1. Counsel for VR states that the extension is necessary because he has "been working diligently" to familiarize himself with the case and has determined that additional discovery is necessary; specifically, interrogatories, requests for production and the taking of at least three depositions.   Doc. 103 at 2.   Counsel for VR also notes that its first set of interrogatories and first request for production to Plaintiff were served on July 3, 2014, thereby making the response date August 4, 2014, which is already outside the current discovery deadline.[2]   *Id.*   Plaintiff objects to extension of the discovery deadline, stating that it has already produced more than 2,000 pages of discovery material and that the material sought by VR's second request either encompasses the same information as its first request or seeks documents that VR does not have standing to demand.   Doc. 105 at 3.   While that may be the case – and the Court makes no finding as to the propriety of individual requests for production – VR is entitled to defend against the Complaint.[3]

The Court therefore finds that a brief extension of the discovery deadline is warranted, particularly because the time for Plaintiff to respond to VR's interrogatories and requests for production already falls outside the current deadline. Extending the discovery deadline to August 29, 2014, however, is unworkable under

---

[2] The Court presumes that the parties continued to diligently pursue discovery up to the July 30, 2014 deadline.

[3] If Plaintiff believes that grounds exist to withhold production, it is free to do so in accordance with the established rules of discovery as set forth in the Federal Rules of Civil Procedure.   The Court strongly urges Plaintiff and VR to work together to complete discovery in accordance with this Order and without the need for further intervention by the Court.

the Case Management and Scheduling Order.    This is especially so because the Case Management and Scheduling Order establishes August 29, 2014 as the deadline for dispositive, *Daubert* and *Markman* motions (Doc. 82 at 2) and granting the full thirty day extension sought by VR would necessitate moving additional case management deadlines, which the Court is not inclined to do at this late juncture.    Accordingly, the Court will grant an extension of the discovery deadline up to and including August 15, 2014.    This deadline allows for the timely exchange of Plaintiff's responses to VR's requests for production and interrogatories but still provides two weeks for filing dispositive, *Daubert* and *Markman* motions in accordance with the current August 29 deadline.

III.    *VR's Motion to Extend Mediation Deadline and to Compel Mediation*

During the time that VR was without counsel, all other parties to this litigation completed mediation on May 29, 2014.    *See* Docs. 91, 92.    VR now seeks an extension of the prior mediation deadline and asks the Court to compel all parties to attend a second mediation because VR "believes that mediation would be helpful in this matter, and that it may result in a settlement of the case short of trial."    Doc. 104 at 2.    Plaintiff objects to any extension of the mediation deadline.    Plaintiff argues that it "attempted to coordinate VR's attendance at the mediation, but VR refused to participate on the grounds that it had not yet retained counsel" and indicates that it has expressed a willingness to negotiate with VR's current counsel by suggesting VR "make an offer and Plaintiff will respond."    *Id.*    Plaintiff also notes

that no other parties want to reopen mediation or discovery, and that no other party is opposing Plaintiff's motion for summary judgment.   *Id.* at 1-2.

The Court may extend a deadline upon a showing of good cause and excusable neglect where, as here, the deadline has passed prior to the request for extension. Fed. R. Civ. P. 6(b).   While the Court recognizes that "[m]ediation is an important tool used in the dispute resolution process," *Nipper v. Lakeland Hotel Investors, Ltd.*, No. 8:10-cv-498-T-33EAJ, 2010 WL 4941718, at *5 (M.D. Fla. Nov. 30, 2010), Plaintiff correctly contends that formal mediation is not necessary to settle a case.   Doc. 105 at 2.   Upon review, and although the Court acknowledges that the failure of VR labs to complete mediation prior to the deadline is not the fault of VR or its current counsel, the Court does not find good cause to compel all parties to attend a second mediation.

VR and Plaintiff are free and in fact encouraged to continue settlement negotiations; however, the Court will not require all parties to this litigation, who each may have independent and differing interests in this action and who already have attended a required mediation that resulted in impasse, to expend the time and resources to mediate for a second time.   *See* Doc. 92.   Doing so would be contrary to the spirit of both the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules and their goals of just, inexpensive and expedient determination of cases.   Fed. R. Civ. P. 1; M.D. Fla. R. 1.01(b).   The motion to extend the mediation deadline and compel mediation will therefore be denied.

IV.    *Plaintiff's Motion for Leave to File Reply*

Plaintiff seeks leave of Court to file a reply to VR's response to Plaintiff's motion for summary judgment and in support states that VR's response raises for the first time new allegations regarding the loan documents related to the foreclosure property at issue in this case.   Doc. 108 at 2-3.   VR argues that permitting a reply is "inappropriate" because the matters Plaintiff seeks to address in its reply are issues that were reasonably foreseeable when it filed its motion for summary judgment and should therefore have been addressed in that motion.   Doc. 109 at 3.

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court," *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011).   "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States*, No. 3:13-cv-168-J-37MCR, 2013 WL 3901871, at *1 n.3 (M.D. Fla. July 29, 2013).   Moreover, the Court will not grant leave to file a reply brief unless the reply will benefit the Court's resolution of the pending motion. *See Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014) (denying leave to file a reply brief where such brief would not aid the Court's resolution of the underlying motion).

Upon due consideration, the Court finds that a reply would benefit its review of the pending motion for summary judgment and that Plaintiff has shown good cause for filing a reply, particularly because VR's response appears to raise new arguments

and law.   Plaintiff will therefore be permitted to file a reply, not to exceed five (5) pages, to VR's response to Plaintiff's motion for summary judgment within seven days of the date of this Order.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Defendant VR Labs, Inc.'s Second Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. 100) is **GRANTED** *nunc pro tunc.*   Defendant VR Labs, Inc.'s Response in Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 106) is accepted and deemed timely filed.

2.     Defendant VR Labs, Inc.'s Motion to Extend Discovery Deadline (Doc. 103) is **GRANTED IN PART**.   The Discovery deadline shall be extended to **August 15, 2014**.

3.     Defendant VR Labs, Inc.'s Motion to Extend Mediation Deadline and to Compel Mediation (Doc. 104) is **DENIED**.

4.     Plaintiff's Motion for Leave to File Reply to Defendant VR Labs, Inc.'s Response in Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. 108) is **GRANTED**.   Plaintiff shall have up to and including **August 11, 2014** during which to file a reply, **not to exceed five (5) pages**, to VR's response in opposition to summary judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record