UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

    Plaintiff,

v.                                          Case No: 2:13-cv-802-FtM-29CM

ALICO ROAD BUSINESS PARK, LP, FRANZ J. ROSINUS, GOLD COAST FIRE PROTECTION, LLC, FERGUSON ENTERPRISES, INC., WORLD ELECTRIC SUPPLY, INC., GCM CONTRACTING SOLUTIONS, INC., TRANE U.S., INC., CFS FACILITY SERVICES, LLC, ALICO ROAD BUSINESS PARK CONDOMINIUM ASSOCIATION, INC., LEE ROAD EXTENSION ASSOCIATION, INC., FORMOSA 129 INDUSTRIAL PARK COMMUNITY ASSOCIATION, INC., VR LABS, INC., and GOLD COAST FIRE AND SECURITY, INC.,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on the plaintiff's Motion for Summary Judgment and Default Judgment (Doc. #93) filed on June 2, 2014. Defendants Alico Road Business Park, LP, Franz J. Rosinus, Alico Road Business Park Condominium Association, Inc., Lee Road Extension Association, Inc., and Formosa 129 Industrial Park Community Association, Inc. filed a Notice of No Objection (Doc. #101) on July 3, 2014. Defendant VR Labs, Inc. filed a

Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. #106) on July 11, 2014, and plaintiff filed a Reply to VR Labs, Inc.'s Response (Doc. #111) on August 11, 2014. Plaintiff filed a Supplement to Motion for Summary Judgment (Doc. #115) on September 2, 2014, and VR Labs, Inc., with leave of the Court, filed a Supplemental Response to Plaintiff's Motion for Summary Judgment (Doc. #118) on September 23, 2014. For the reasons set forth below, plaintiff's motion is granted.

## I.

Alico Road Business Park, LP (Alico) owns 22.8 acres of real property (the Property) located in Lee County, Florida. (Doc. #9-1.) In order to improve the Property, Alico entered into a Construction Loan Agreement (CLA) with plaintiff Montgomery Bank, N.A. (Montgomery Bank or plaintiff). The CLA was executed on or about April 15, 2006, and provided Alico with a revolving line of credit, not to exceed the principal sum of $7,000,000. (Doc. #9-2.) Alico obtained the loan by executing a promissory note (the Note), dated April 15, 2006, in the original principal amount of $7,000,000, to be secured by a mortgage (the Mortgage) on the Property. Montgomery Bank and Alico periodically modified the Note and the Mortgage to extend the maturity date of the loan. The most recent modification occurred on March 5, 2014, and is evidenced by a Renewal Promissory Note (Doc. #115-1), and a Mortgage Modification Agreement (Doc. #115-2). The "Loan

2

Documents" collectively consist of the CLA, the Note and all changes in terms, modifications, and renewals thereto, and the Mortgage.

Over the course of the loan, certain liens were filed against the Property, prompting the initiation of this lawsuit. (Doc. #115, pp. 2-3; Doc. #116-1, p. 11.)  Plaintiff's Second Amended Complaint for Commercial Foreclosure, filed March 5, 2014, alleges that Alico defaulted under the Loan Documents "by permitting liens and/or claims of liens for performance of work and/or supply of materials to be filed against a portion of the Property." (Doc. #53, ¶ 35.)  Plaintiff has therefore elected to foreclose on certain parcels, specifically:

> Units 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, and 412, Building 4, Alico Road Business Park, an Industrial Condominium, according to the Declaration of Condominium recorded at Instrument No. 2008000153105 of the Public Records of Lee County, Florida (the Foreclosure Parcel).

(Doc. #53, ¶ 37.)  Plaintiff also seeks foreclosure on any and all inferior interests claimed by Franz J. Rosinus (Rosinus), Gold Coast Fire Protection, LLC (GCFP), Gold Coast Fire and Security, Inc. (GCFP), Ferguson Enterprises, Inc. (Ferguson), World Electric Supply, Inc. (WES), GCM Contracting Solutions, Inc. (GCM), Trane U.S. (Trane), Inc., Alico Road Business Park Condominium Association, Inc. (Business Park), Lee Road Extension Association, Inc. (Lee Road), Formosa 129 Industrial Park Community

3

Association, Inc. (Formosa), VR Labs, Inc. (VRL), and CFS Facility Services, LLC (CFS), including every lien and lis pendens filed against the Property.

**II.**

Plaintiff now moves for summary judgment on its claim for partial mortgage foreclosure against Alico, Rosinus, GCFP, GCFS, WES, Business Park, Lee Road, Formosa, and VRL.  (Doc. #93.) Alico, Rosinus, Business Park, Lee Road, and Formosa do not object to the entry of summary judgment (Doc. #101), and WES has disclaimed any and all interest it may have had in the Property and has waived its right to participate in any further proceedings (Doc. #107).  VRL, however, contends that summary judgment is not warranted.[1]

**A.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material"

---

[1] GCFP and GCFS have not responded to plaintiff's motion for summary judgment and the time for doing so has expired.

if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

5

**B.**

It is undisputed that: (1) Alico executed and delivered to Montgomery Bank the Note and the Mortgage; (2) the Mortgage was properly recorded in the public records of Lee County, Florida; (3) Montgomery Bank is the owner and holder of the Note and Mortgage; and (4) the Foreclosure Parcel is owned by Alico. The final element that must be established in a foreclosure action is a default. See David v. Sun Fed. Sav. & Loan Ass'n, 461 So. 2d 93, 95-96 (Fla. 1984) (delineating the elements of a foreclosure claim). Here, plaintiff alleges that Alico is in default because liens were filed against the Property. VRL contends that the filing of liens against the Property does not constitute an event of default under the Loan Documents, and even if it does, foreclosure is not warranted because plaintiff's interest in the Property is not jeopardized by the liens.[2] (Doc. #106.)

As a preliminary matter, the Court finds that VRL lacks the standing necessary to challenge the interpretation of the Loan Documents. "The question of whether, for standing purposes, a non-party to a contract has a legally enforceable right therein is a matter of state law." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 981 (11th Cir. 2005). Under Florida law, a third party may

---

[2] VRL leases a portion of the Foreclosure Parcel pursuant to the Alico Space Lease Agreement between Alico and VRL.

6

be an intended beneficiary or an incidental beneficiary. A third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party. Id. at 982. "If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely 'incidental,' and the third party has no legally enforceable right in the subject matter of the contract." Id.

The record in this matter is void of any direct or circumstantial evidence suggesting that Montgomery Bank and Alico expressed an intent to benefit VRL. Because VRL was not an intended beneficiary, it lacks standing to challenge the interpretation of the Loan Documents agreed upon by Montgomery Bank and Alico.

Even if VRL had standing to challenge the interpretation of the Loan Documents, the Court finds its arguments to be without merit. When Alico executed the CLA, it affirmatively covenanted that it will keep the property free of all liens and "take all reasonable steps necessary to remove all claims of lien against the [Property]." (Doc. #9-2, pp. 4-5.) Alico also covenanted and agreed that it "shall not, without the prior written consent of [Montgomery Bank] . . . create or allow to be created any lien or charge upon the Collateral or the Improvements." (Id. at 6.) The failure to comply with any of these covenants constitutes a default

7

under the terms of the CLA. (Id.) The Note also states that Alico shall be in default upon "the issuing of any attachment or garnishment, or the filing of any lien against the Collateral secured hereby." (Doc. #115-1, p. 6.) In the event of a default, Montgomery Bank may, at its option, accelerate the indebtedness under the terms of the Note. (Doc. #9-2, p. 4.)

The Mortgage contains similar provisions. Under the terms of the Mortgage, Alico "shall not allow any subsequent liens or mortgages on all or any portion of the Property without the prior written consent of Lender." (Doc. #9-4, p. 3.) The section of the Mortgage pertaining to taxes and liens provides that Alico "shall maintain the Property free of any liens having priority over or equal to the interest of Lender under this Mortgage, except for those liens specifically agreed to in writing by Lender, and except for the lien of taxes and assessments not due as further specified in the Right to Contest paragraph." (Id. at 4.) The Right to Contest provision states as follows:

> [Alico] may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, [Alico] shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after [Alico] has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender case or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and reasonable attorneys' fees, or other charges that could accrue as

8

> a result of a foreclosure or sale under the lien.  In any contest, [Alico] shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property.  [Alico] shall name Lender as an additional oblige under any surety bond furnished in the contest proceedings.

(Id.)

VRL argues that the filing of inferior liens on the Property does not amount to a default because the Mortgage states that liens may be filed against the Property as long as plaintiff's interest in the Property is not jeopardized. (Doc. #106, 5-8.)  The Court disagrees.  In addition to the clear language prohibiting subsequent liens or mortgages on all or any portion of the Property, the Mortgage states that any default under the terms of the CLA or any other related document shall also be an event of default under the Mortgage. (Doc. #9-4, pp. 2-3)  Because the CLA and the Note explicitly state that Alico must keep the Property free of all liens, the Court finds that the attachment of any liens to the Property constitutes an event of default.  The fact that Montgomery Bank may, at its own option, remove or challenge a lien does not change the outcome because plaintiff is not obligated to do so under the terms of the Loan Documents.

VRL also contends that the Court should refuse to foreclose on the Property because the breach of the Loan Documents was merely a technical one and did not place the security in jeopardy. (Doc.

#106, p. 8.) In Delgado v. Strong, 360 So. 2d 73, 75 (1978), the Florida Supreme Court stated:

> It is well-established that courts of equity may refuse to foreclose a mortgage when an acceleration of the due date would render the acceleration unconscionable and the result would be inequitable and unjust . . . Consistent with this principle, courts have denied foreclosure of a mortgage where breach of the mortgage was merely a technical one and such breach did not place the security in jeopardy.

(Id.)

The Mortgage in this case was recorded on August 18, 2006, giving it priority over the other liens filed against the Property. See Fla. Stat. § 713.07(3). Because the lien of a senior mortgagee is not extinguished by a foreclosure action initiated by a junior mortgagee, Abdoney v. York, 903 So. 2d 981, 983 (Fla. 2d DCA 2005), VRL argues that Montgomery Bank's security interest in the Property was not jeopardized (Doc. #106, p. 8). The Court disagrees. Although plaintiff's lien on the Property would not be extinguished by the foreclosure of an inferior lien, the resulting transfer of ownership could threaten plaintiff's interest in the Property. (See Doc. #116-2, pp. 17-18.) Accordingly, the Court finds that the impairment on the Property caused by the inferior liens justifies the foreclosure. See Pezzimenti v. Cirou, 466 So. 2d 274, 277 (Fla. 2d DCA 1985) (upholding a foreclosure caused by the defendant's failure to pay the attorney's fees incurred in the removal of mechanic's liens).

## c.

The Answer an Affirmative Defenses filed by VRL asserts that its leasehold interest in the Foreclosure Parcel should not be foreclosed because Montgomery Bank is guilty of unclean hands. (Doc. #61, p. 5.) In Florida, unclean hands is tantamount to "[u]nscrupulous practices, overreaching, concealment, trickery or other unconscientious conduct." Shahar v. Green Tree Servicing, LLC, 125 So. 3d 251, 253 (Fla 4th DCA 2013 (quoting Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So. 3d 602, 609 (Fla. 4th DCA 2013)). In order to successfully raise the defense of unclean hands, the defendant must come forward with egregious facts that justify its application. Congress Park, 105 So. 3d at 610.

Plaintiff's corporate representative, Ralph Green (Green), testified that Montgomery Bank valued the Foreclosure Parcel at two million dollars and is prepared to reduce the balance of the loan by the same. (Doc. #116-2, p. 12.) Green also admitted that Montgomery Bank's valuation of the Foreclosure Parcel is higher than the amount proposed by property appraisers. (Id.) VRL argues that plaintiff's willingness to provide a credit in an amount greater than the appraisers' valuations is evidence of unclean hands. (Doc. #116, p. 4.) There is, however, no evidence suggesting that the amount of the potential credit was the product of any unconscionable conduct. In fact, the amount of the

11

potential credit was not communicated to Alico. (Doc. #116-1, p. 13; Doc. #116-2, p. 12.) Because VRL has not produced any evidence of egregious or unconscionable conduct, its affirmative defense of unclean hands does not prevent Montgomery Bank from pursuing its foreclosure action. See Citibank, N.A. v. Dalessio, 756 F. Supp. 2d 1361, 1367 (M.D. Fla. 2010).

### III.

Plaintiff also seeks a default judgment against Ferguson, GCM, Trane, and CFS. (Doc. #93.) Rule 55(a) provides that a default must be entered against a party that has failed to plead or otherwise defend after being served with the summons and complaint. Fed. R. Civ. P. 55(a). Here, a Clerk's Entry of Default was entered against Ferguson, GCM, Trane, and CFS on May 27, 2014. (Doc. #88.) Therefore, plaintiff has fulfilled the necessary prerequisite for a default judgment against each of these defendants.

After a default is entered against a defendant, he is deemed to have admitted the plaintiff's well-pleaded factual allegations, and on appeal, he is barred from contesting those facts. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). "A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the

12

sufficiency of the proof." Id. (internal quotations and citations omitted).

Deeming the facts alleged in the Second Amended Complaint as admitted, plaintiff is the owner and holder of the Note and Mortgage. By allowing inferior liens to be filed against the Property, Alico defaulted under the terms of the Loan Documents. Because the liens were filed after the recordation of the Mortgage, Montgomery Bank has priority over the other liens attached to the Property. The Court therefore finds that a default judgment is appropriate against Ferguson, GCM, Trane, and CFS to the extent that any lien or interest they may have on the property is deemed junior to that of plaintiff.

**IV.**

Plaintiff seeks the appointment of Matthew J. Meyer as special master to conduct the foreclosure sale. (Doc. #93, p. 16.) In support, the Declaration of Matthew J. Meyer (Doc. #94) provides that Mr. Meyer has significant experience in foreclosures and has no relationship to the parties, the court, or the attorneys such that disqualification would be required. The Court will grant the motion and appoint a master to conduct the sale in lieu of the U.S. Marshal.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion for Summary Judgment (Doc. #93) is **GRANTED** as to Count I of the Second Amended Complaint for Commercial Foreclosure.  Judgment shall issue in favor of plaintiff and against defendants Alico Road Business Park, LP, Franz J. Rosinus, Gold Coast Fire Protection, LLC, Gold Coast Fire and Security, Inc., World Electric Supply, Inc., Alico Road Business Park Condominium Association, Inc., Lee Road Extension Association, Inc., Formosa 129 Industrial Park Community Association, Inc., and VR Labs, Inc. as provided herein.

2.   Plaintiff's Motion for Default Judgment (Doc. #93) is **GRANTED** as to Count I of the Second Amended Complaint for Commercial Foreclosure.  Judgment shall issue in favor of plaintiff and against defendants Ferguson Enterprises, Inc., GCM Contracting Solutions, Inc., Trane U.S., and CFS Facility Services, LLC as provided herein.

3.   Plaintiff holds a lien secured by the Property in the total amount of $7,000,000.00, $2,000,000.00 of which is secured by the Foreclosure Parcel, plus interest in the amount of $5,111.11 through May 28, 2014, plus per diem interest in the amount of $222.22 from May 29, 2014, to the day of judgment, and which lien is superior to any and all interests claimed by defendants and any person claiming, by through, under or against any of the defendants since the filing of the Notice of Lis Pendens.  The Final Renewal Note and the Mortgage do not merge in the judgment, but survive

and maintain Montgomery Bank's balance due and collateral positions with the rest of the Property.

4. Matthew J. Meyer, Ansa Assuncao, LLP, 101 South Ashley Drive, Tampa, FL 33602; Telephone (813) 221-5403; Facsimile (813) 375-2258; Email: matthew.meyer@ansalaw.com, is appointed as special master to advertise and sell the Foreclosure Parcel in accordance with 28 U.S.C. § 2002.

5. The Clerk shall enter judgment accordingly.

6. Plaintiff shall submit, via email, a Final Judgment of Partial Foreclosure to the Court within **FOURTEEN (14) DAYS** of this Opinion and Order.

7. The Final Pretrial Conference scheduled for Monday, November 17, 2014, is cancelled.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of November, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record