```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MONTGOMERY BANK, N.A.,

       Plaintiff,

v.                                    Case No: 2:13-cv-802-FtM-29CM

ALICO ROAD BUSINESS PARK, LP, FRANZ J. ROSINUS, GOLD COAST FIRE PROTECTION, LLC, FERGUSON ENTERPRISES, INC., WORLD ELECTRIC SUPPLY, INC., GCM CONTRACTING SOLUTIONS, INC., TRANE U.S., INC., CFS FACILITY SERVICES, LLC, ALICO ROAD BUSINESS PARK CONDOMINIUM ASSOCIATION, INC., LEE ROAD EXTENSION ASSOCIATION, INC., FORMOSA 129 INDUSTRIAL PARK COMMUNITY ASSOCIATION, INC., VR LABS, INC., and GOLD COAST FIRE AND SECURITY, INC.,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant VR Labs, Inc.'s Motion to Stay Pending Appeal (Doc. #131) filed on December 24, 2014. Plaintiff Montgomery Bank, N.A. filed a Response in Opposition (Doc. #133) on December 30, 2014. For the reasons set forth below, the motion to stay is denied.

**I.**

An exhaustive discussion of the history of this case is

unwarranted at this juncture. On November 13, 2014, the Court entered an Opinion and Order granting plaintiff Montgomery Bank, N.A.'s (Montgomery Bank or plaintiff) Motion for Summary Judgment and Default Judgment, and appointed Matthew J. Meyer as special master to conduct the foreclosure sale. (Doc. #125.) The Clerk of Court entered Judgment on November 21, 2014 (Doc. #126), and the Court entered a Final Judgment of Partial Foreclosure in favor of plaintiff and against defendants on December 3, 2014 (Doc. #127). Montgomery Bank subsequently filed a Notice of Foreclosure Sale setting the sale of the property for January 5, 2014. (Doc. #128.) VR Labs, Inc. (VRL) filed a Notice of Appeal on December 15, 2014 (Doc. #129), and now seeks to stay the foreclosure sale pending the resolution of the appeal pursuant to Fed. R. Civ. P. 62 (Doc. #131).

**II.**

A stay pending appeal under Fed. R. Civ. P. 62 is considered extraordinary relief for which the moving party bears a heavy burden. Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). In determining whether the issuance of a stay is warranted, courts consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

lies.  <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987).

VRL argues that it is likely to show on appeal that a genuine issue of material fact existed as to its affirmative defense of unclean hands.  In its oppositions to plaintiff's motion for summary judgment, VRL argued that plaintiff's willingness to provide a credit in an amount greater than the appraisers' valuations was evidence of unclean hands.  The Court, however, found that there was no evidence suggesting that the amount of the potential credit was the product of any unconscionable conduct and noted that the amount of the potential credit was never communicated to the debtor, Alico Road Business Park, LP (Alico).  (Doc. #125, pp. 11-12.)  VRL now argues that a genuine issue of material fact exists because the evidence demonstrates the plaintiff created the default situation in an effort to obtain improvements which were constructed with taxpayer funds.  (Doc. #131, p. 6.)  VRL did not raise this argument in any of the responses it filed in opposition to plaintiff's motion for summary judgment.

In order to establish that a fact is genuinely disputed, a party must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P.

56(c)(1)(A).  VRL has neither submitted nor cited to any evidence supporting the assertions raised in its motion to stay.  Because VRL has proffered little more than unsupported allegations, the Court finds that VRL has failed to make a strong showing that it is likely to succeed on the merits of its appeal.  Furthermore, VRL's new argument is unlikely to be considered, since the Eleventh Circuit generally does not consider arguments that were not raised before the district court.  <u>Ledford v. Peeples</u>, 657 F.3d 1222, 1258 (11th Cir. 2011).  "Judicial economy is served and prejudice is avoided by binding the parties to the facts presented and the theories argued below."  <u>Douglas v. Johnson Real Estate Investors, LLC</u>, 470 F. App'x 823, 825 (11th Cir. 2012) (quoting <u>Stewart v. Dep't of Health & Human Servs.</u>, 26 F.3d 115, 115 (11th Cir. 1994)).  As such, the Court finds that VRL has failed to carry its burden as to the first factor.  In light of VRL's unlikelihood of success on appeal, the Court finds that other factors do not support the issuance of a stay.  See <u>Garcia-Mir</u>, 781 F.2d at 1453 (holding that likelihood of success on appeal is the most important factor in considering whether or not to issue a stay pending appeal). Accordingly, VRL's motion for a stay pending the resolution of the appeal is denied.

    Accordingly, it is hereby

    **ORDERED:**

    Defendant VR Labs, Inc.'s Motion to Stay Pending Appeal (Doc.

#131) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __31st__ day of December, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record